1  TROUTMAN SANDERS LLP
   Marcus T. Hall, Bar No. 206495
2  marcus.hall@troutmansanders.com
   Dean A. Morehous, Bar No. 111841
3  dean.morehous@troutmansanders.com
   Craig C. Crockett, Bar. No. 265161
4  craig.crockett@troutmansanders.com
   Ryan A. Lewis, Bar. No. 307253
5  ryan.lewis@troutmansanders.com
   580 California Street, 11th floor
6  San Francisco, CA  94104
   Telephone:     415.477.5700
7  Facsimile:     415.477.5710

8  Attorneys for Plaintiff
   KENU, INC.
9

10              UNITED STATES DISTRICT COURT

11              NORTHERN DISTRICT OF CALIFORNIA

12

13 KENU, INC.,                          Case No.

14              Plaintiff,              **COMPLAINT FOR PATENT
                                        INFRINGEMENT, TRADE DRESS
15       v.                             INFRINGEMENT, UNFAIR
                                        COMPETITION (CAL. BUS. & PROF.
16 ESTABLISHED BRANDS, INC., a          CODE § 17200), AND COMMON LAW
   Minnesota corporation, and DOES 1    UNFAIR COMPETITION**
17 through 10, inclusive,
                                        **DEMAND FOR JURY TRIAL**
18              Defendants.

19

20

21

22

23

24

25

26

27

28

Troutman Sanders LLP
580 California Street, 11th floor
San Francisco, CA 94104

KENU, INC.'S COMPLAINT FOR PATENT
INFRINGEMENT, TRADE DRESS
INFRINGEMENT, UNFAIR COMPETITION

1    Plaintiff Kenu, Inc. ("Kenu"), for its Complaint alleges as follows:

2    1.    Kenu is a San Francisco company that specializes in combining technology, art,

3    and design in creating mobile phone products and accessories.  Such products include portable

4    hands free in-car mounts for mobile or smartphone devices that attaches to any car air vent

5    (hereafter "AIRFRAME").  Kenu's AIRFRAME met immediate success for its elegant design

6    and superior functionality over traditional car mounts, which are often bulky or rely on adhesives

7    that detach over time.  Seeking to capitalize on Kenu's success, competitors began copying

8    Kenu's innovative design and distinctive AIRFRAME trade dress to "free ride" on the efforts of

9    Kenu.  This action seeks to remedy the unauthorized sale of a knock-off product sold by

10   defendants.

11   **THE PARTIES**

12   2.    Kenu is a corporation organized and existing under the laws of Delaware and

13   having a place of business at 560 Alabama Street, San Francisco, California 94110.

14   3.    Defendant Established Brands, Inc. ("Established Brands") is a corporation

15   organized and existing under the laws of Minnesota and having a place of business at 5850 Opus

16   Parkway, Suite 250, Minnetonka, Minnesota 55343, with business activities throughout the

17   world and on the World Wide Web, including at www.bitsmade.com.  Established Brands sells

18   products under various brand names, including under the name "BITS MADE."

19   4.    Kenu does not know the true names and capacities of DOES 1 through 10,

20   inclusive, and therefore sues them by these fictitious names. When the true names and capacities

21   are discovered for these DOE defendants, Kenu will seek to amend this Complaint to allege the

22   true names and capacities in lieu of the fictitious names.  Kenu is informed and believes that

23   each of the fictitiously named defendants is responsible in some manner for the occurrences

24   alleged in this Complaint.

25   5.    On information and belief, defendants are, and at all times mentioned herein

26   were, the alter egos, parents, subsidiaries, agents, partners, associates, joint-venturers, servants,

27   employees, and/or other authorized representatives of each other, and in doing the things herein

28   alleged were acting within the course and scope of their authority, agency, and employment, and

TROUTMAN SANDERS LLP
580 CALIFORNIA STREET, 11TH FLOOR
SAN FRANCISCO, CA 94104

KENU, INC.'S COMPLAINT FOR PATENT
INFRINGEMENT, TRADE DRESS
INFRINGEMENT, UNFAIR COMPETITION

1    with the knowledge, consent, and approval of their fellow defendants.

2           6.     On information and belief, defendants are, and at all times mentioned herein

3    were, the alter egos, parents, subsidiaries, agents, partners, associates, joint-venturers, servants,

4    employees, and/or other authorized representatives of each other, and in doing the things herein

5    alleged were acting within the course and scope of their authority, agency, and employment, and

6    with the knowledge, consent, and approval of their fellow defendants.

7                                          **JURISDICTION**

8           7.     This is a civil action seeking damages and injunctive relief for patent

9    infringement, trade dress infringement, unfair competition under California Business and

10   Professions Code § 17200 et seq., and common law unfair competition.

11          8.     Pursuant to 28 U.S.C. § 1331, this Court has federal subject matter jurisdiction

12   over Kenu's claims for patent and trade dress infringement.  Further, this Court has subject

13   matter jurisdiction pursuant to the following statutes: 28 U.S.C. § 1338(a) (Acts of Congress

14   relating to patents); 15 U.S.C. § 1121 et seq. (the Lanham Act); and 28 U.S.C. § 1367 (a)

15   (supplemental jurisdiction over state and common-law claims).

16          9.     The Northern District of California has personal jurisdiction over Established

17   Brands because, among other things, Established Brands is engaged in wrongful conduct within

18   the state of California and in this District, including placing into commerce goods infringing

19   upon Kenu's patent and trade dress rights in this judicial district, including at least at a Target

20   Store located in Emeryville, California.  Established Brands has maintained substantial,

21   continuous, and systematic contacts with the state of California through its business dealings and

22   activities within and with residents of the state of California.  Established Brands's conduct

23   causes injury to and is directed at Kenu and its intellectual property in the state of California.

24   But for Established Brands's conduct, Kenu would not have suffered damage.

25                     **VENUE AND INTRADISTRICT ASSIGNMENT**

26          10.    Venue is proper within this District under 28 U.S.C. § 1391(b) and (c) because

27   each defendant transacts business within this District and offers for sale and sells in this District

28   products that infringe Kenu's intellectual property rights.  Pursuant to Local Rule 3-2(c),

TROUTMAN SANDERS LLP
580 CALIFORNIA STREET, 11TH FLOOR
SAN FRANCISCO, CA 94104

KENU, INC.'S COMPLAINT FOR PATENT
INFRINGEMENT, TRADE DRESS                    - 2 -
INFRINGEMENT, UNFAIR COMPETITION

1    intellectual property actions are assigned on a district-wide basis.

2                          **FACTS APPLICABLE TO ALL CLAIMS**

3    **Kenu's AIRFRAME and Intellectual Property**

4          11.    Kenu is a successful mobile phone accessory business that designs, develops, and

5    distributes artistic and functional mobile phone accessories that are one of a kind in today's

6    marketplace.  One such product is Kenu's AIRFRAME, a line of portable hands free in-car

7    mounts for mobile devices.

8          12.    A representative image of Kenu's AIRFRAME product is provided below:



13         13.    The original AIRFRAME was released in 2013 and has received acclaim for the

14   utility and elegant design.  In 2014, Kenu released the AIRFRAME+, which has a sleek, new

15   design consistent with the original AIRFRAME.  The AIRFRAME product line is sold through

16   numerous merchandisers, retailers, and stores nationwide, including Amazon, Target, T-Mobile,

17   Sprint, and Staples, to name just a few.  Kenu also markets and sells its AIRFRAME products on

18   the Internet, including through its website located at www.kenu.com.

19         14.    In addition to its common law rights, Kenu sought protection for its intellectual

20   property rights associated with AIRFRAME by filing for patents.

21         15.    On October 1, 2013, the United States Patent and Trademark Office issued United

22   States Patent No. US D690,707 (the "'D707 patent"), entitled "Dashboard Vent Mount for an

23   Electronic Device," for a portable hands free in-car mount for mobile devices.  *See attached*

24   *Exhibit A.*

25         16.    A representative figure from Kenu's 'D707 patent is provided below:

KENU, INC.'S COMPLAINT FOR PATENT
INFRINGEMENT, TRADE DRESS                    - 3 -
INFRINGEMENT, UNFAIR COMPETITION

17.     On December 11, 2012, the inventors of the 'D707 patent, Kenneth Minn and David E. Yao, assigned all of their patent rights in the 'D707 patent to Kenu, which has continuously held the rights to the 'D707 patent since that date.

18.     On July 14, 2015, the United States Patent and Trademark Office issued United States Patent No. US 9,080,714 (the "'714 patent"), entitled "Adjustable Portable Device Holder," for a portable mount for portable devices. *See attached Exhibit B.*

19.     A representative figure from Kenu's '714 patent is provided below:



20.     On May 17, 2013, the inventors of the '714 patent, Kenneth Y. Minn and David E. Yao, assigned all of their patent rights in the '714 patent to Kenu, which has continuously held the rights to the '714 patent since that date.

21.     The trade dress associated with Kenu's AIRFRAME product is distinctive, non-functional, and is owned by Kenu.

22.     The trade dress of Kenu's AIRFRAME product incorporates a unique form factor not previously incorporated into any similar product and also includes ornamental features comprising: (a) an aspect ratio of approximately three to one of length to width, (b) an aspect ratio of approximately one to one of width to height, (c) a rectangular shape, (d) a contrasting light and dark color scheme, (e) a distinct center face geometrical shape and logo, (f) a centered vent mount clip when in the closed position, and (g) rounded edges.  The foregoing features are silhouetted when the device is both closed and in use.

TROUTMAN SANDERS LLP
580 CALIFORNIA STREET, 11TH FLOOR
SAN FRANCISCO, CA 94104

KENU, INC.'S COMPLAINT FOR PATENT
INFRINGEMENT, TRADE DRESS
INFRINGEMENT, UNFAIR COMPETITION

- 4 -

23.     The trade dress associated with Kenu's AIRFRAME product signifies the source of the AIRFRAME product to its customers.

24.     As a result of considerable efforts, Kenu's customers, and the general public, have come to recognize Kenu as an established and successful mobile phone accessory business.

25.     Kenu's AIRFRAME product is one of a kind.

26.     Kenu's AIRFRAME product is manufactured with high quality materials designed to maximize product durability and customer satisfaction.

27.     Kenu's designs are its own intellectual property.  No goods of these designs existed prior to Kenu's designs and patents.

28.     The AIRFRAME product is Kenu's most sought after and sold product.

29.     Kenu makes substantial revenue from the AIRFRAME product.

**Established Brands's Infringing Products**

30.     On information and belief, Established Brands manufactures and/or imports, or causes to be manufactured and/or imported its BITS MADE brand "CAR MOUNT Universal Phone Holder" product ("Phone Holder") products into the United States and the Northern District of California.

31.     On information and belief, Established Brands exposes for sale, offers to sell, and sells the infringing BITS MADE Phone Holder, including to residents in the Northern District of California, through third party retailers and a reseller program available at least through the website www.bitsmade.com.

32.     The BITS MADE Phone Holder competes with Kenu's AIRFRAME products in the market for portable hands free in-car mounts for mobile or smartphone devices.

33.     Kenu purchased the BITS MADE Phone Holder at a Target Corporation retail location located in Emeryville, California.  Representative images are provided below:

///

///

///

///



34.     The BITS MADE Phone Holder available from Established Brands violates Kenu's patent and trade dress rights.

35.     Kenu's 'D707 patent covers the BITS MADE Phone Holder manufactured, imported, exposed for sale, offered for sale, and sold by Established Brands.

36.     Kenu's '714 patent covers the BITS MADE Phone Holder manufactured, imported, offered for sale, and sold by Established Brands.

37.     The BITS MADE Phone Holder violates Kenu's trade dress rights in its AIRFRAME product by causing confusion among ordinary consumers as to the source, sponsorship, affiliation, or approval of Kenu's AIRFRAME product.

38.     Representative side-by-side comparisons of AIRFRAME and BITS MADE Phone Holder products are provided below:

///

///

///

///

///

///

TROUTMAN SANDERS LLP
580 CALIFORNIA STREET, 11TH FLOOR
SAN FRANCISCO, CA 94104

KENU, INC.'S COMPLAINT FOR PATENT
INFRINGEMENT, TRADE DRESS
INFRINGEMENT, UNFAIR COMPETITION                - 6 -

1
2
3
4
5
6
7
8
9
10
11
12
13

 

 

14   39.   Established Brands's willful and deliberate actions have caused significant harm

15  to Kenu.  Kenu has lost customers and revenue due to the illegal and infringing product being

16  put into the stream of commerce by Established Brands.

17
### FIRST CLAIM FOR RELIEF
### INFRINGEMENT OF THE 'D707 PATENT
### 35 U.S.C. § 271(a)
18

19   40.   Kenu restates and incorporates all previous allegations of this Complaint by

20  reference as though set forth in full.

21   41.   Established Brands has infringed upon the rights of Kenu's 'D707 patent by

22  making, exposing for sale, offering to sell, selling, and importing the BITS MADE Phone Holder

23  in the United States.

24   42.   Established Brands will continue to infringe the 'D707 patent unless enjoined by

25  this Court.

26   43.   Established Brands's acts are willful, in disregard of, and with indifference to, the

27  rights of Kenu.

28

Troutman Sanders LLP
580 California Street, 11th Floor
San Francisco, CA 94104

KENU, INC.'S COMPLAINT FOR PATENT
INFRINGEMENT, TRADE DRESS          - 7 -
INFRINGEMENT, UNFAIR COMPETITION

44.     As a direct and proximate cause of the infringement by Established Brands, Kenu is entitled to damages, reasonable royalties and lost profits in amounts to be proven at trial, enhanced damages, and reasonable attorney's fees pursuant to 35 U.S.C. § 285.  Additionally, Established Brands is liable to Kenu to the extent of its total profit, but not less than $250, pursuant to 35 U.S.C. § 289.

**SECOND CLAIM FOR RELIEF**
**INFRINGEMENT OF THE '714 PATENT**
**35 U.S.C. § 271(a)**

45.     Kenu restates and incorporates all previous allegations of this Complaint by reference as though set forth in full.

46.     Established Brands has infringed upon the rights of Kenu's '714 patent by making, offering to sell, selling, and importing the BITS MADE Phone Holder product in the United States.

47.     Established Brands will continue to infringe the '714 patent unless enjoined by this Court.

48.     Established Brands's acts are willful, in disregard of, and with indifference to, the rights of Kenu.

49.     As a direct and proximate cause of the infringement by Established Brands, Kenu is entitled to damages, reasonable royalties and lost profits in amounts to be proven at trial, enhanced damages, and reasonable attorney's fees pursuant to 35 U.S.C. § 285.

**THIRD CLAIM FOR RELIEF**
**TRADE DRESS INFRINGEMENT**
**15 U.S.C. § 1125(a)(1)**

50.     Kenu restates and incorporates all previous allegations of this Complaint by reference as though set forth in full.

51.     Established Brands has engaged in infringement of Kenu's trade dress rights in its AIRFRAME product by placing into commerce the BITS MADE Phone Holder.

52.     Established Brands has offered and sold the BITS MADE Phone Holder despite knowledge that the BITS MADE Phone Holder being offered and sold are each likely to cause

TROUTMAN SANDERS LLP
580 CALIFORNIA STREET, 11TH FLOOR
SAN FRANCISCO, CA 94104

KENU, INC.'S COMPLAINT FOR PATENT
INFRINGEMENT, TRADE DRESS
INFRINGEMENT, UNFAIR COMPETITION

- 8 -

1  confusion among ordinary consumers as to the source, sponsorship, affiliation, or approval of

2  Kenu's AIRFRAME product.

3       53.     Established Brands's acts are willful, in disregard of, and with indifference to the

4  rights of Kenu.

5       54.     As a direct and proximate cause of the infringement by Established Brands, Kenu

6  is entitled to damages, reasonable royalties and lost profits in amounts to be proven at trial,

7  enhanced damages, and reasonable attorney's fees pursuant to 15 U.S.C. § 1117.

8  **FOURTH CLAIM FOR RELIEF**
**UNFAIR COMPETITION**

9  **CALIFORNIA BUSINESS AND PROFESSIONS CODE § 17200 ET SEQ.**

10       55.     Kenu restates and incorporates all previous allegations of this Complaint by

11  reference as though set forth in full.

12       56.     The above-described acts and omissions, including, but not limited to, Established

13  Brands's continued infringement of Kenu's design and utility patents, and its infringement of

14  Kenu's trade dress rights, constitute Unfair Competition under Section 17200 et. seq. of the

15  California Business & Professions Code.

16       57.     By reason of these wrongful acts and omissions by Established Brands, Kenu has

17  suffered and will suffer damage.  Additionally, these wrongful acts and omissions by Established

18  Brands have caused, and unless restrained and enjoined by this Court will continue to cause,

19  serious irreparable injury and damage to Kenu.

20  **FIFTH CLAIM FOR RELIEF**
**UNFAIR COMPETITION**

21  **COMMON LAW**

22       58.     Kenu restates and incorporates all previous allegations of this Complaint by

23  reference as though set forth in full.

24       59.     The above-described acts and omissions, including, but not limited to, Established

25  Brands's continued infringement of Kenu's design and utility patents, and its infringement of

26  Kenu's trade dress rights, constitute Unfair Competition at Common Law.

27       60.     By reason of these wrongful acts and omissions by Established Brands, Kenu has

28  suffered and will suffer damage.  Additionally, these wrongful acts and omissions by Established

TROUTMAN SANDERS LLP
580 CALIFORNIA STREET, 11TH FLOOR
SAN FRANCISCO, CA 94104

KENU, INC.'S COMPLAINT FOR PATENT
INFRINGEMENT, TRADE DRESS
INFRINGEMENT, UNFAIR COMPETITION

- 9 -

1   Brands have caused, and unless restrained and enjoined by this Court will continue to cause,

2   serious irreparable injury and damage to Kenu.

3                                          **PRAYER FOR RELIEF**

4          Wherefore, Kenu prays for judgment as follows against each defendant:

5          1.        Injunctive relief;

6          2.        Reasonable royalties in an amounts to be proven at trial;

7          3.        Lost profits in an amount to be proved at trial;

8          4.        Established Brands, Inc.'s total profit, but not less than $250, pursuant to

9                    35 U.S.C. § 289;

10         5.        Kenu's attorney's fees and costs as provided by law; and

11         6.        Such other relief as the Court deems appropriate.

12                                        **DEMAND FOR JURY TRIAL**

13         In accordance with Rule 38 of the Federal Rules of Civil Procedure, Kenu respectfully

14   demands a jury trial of all issues triable to a jury in this action.

15

16

17   Dated: September 8, 2016                         TROUTMAN SANDERS LLP

18

19                                            By: _/s/ Marcus T. Hall_____
                                                  Marcus T. Hall
20                                                Attorneys for Plaintiff
                                                  KENU, INC.
21

22

23

24

25

26

27

28

KENU, INC.'S COMPLAINT FOR PATENT
INFRINGEMENT, TRADE DRESS              - 10 -
INFRINGEMENT, UNFAIR COMPETITION

# Exhibit A

Case 3:16-cv-05182-JD   Document 1-1   Filed 09/07/16   Page 13 of 29

US009080714B2

(12) **United States Patent**　　　　(10) **Patent No.:**　　**US 9,080,714 B2**
Minn et al.　　　　　　　　　　　　　(45) **Date of Patent:**　　**Jul. 14, 2015**

(54) **ADJUSTABLE PORTABLE DEVICE HOLDER**

(71) Applicant: **Kenu Inc.**, San Francisco, CA (US)

(72) Inventors: **Kenneth Y. Minn**, San Francisco, CA (US); **David E. Yao**, San Francisco, CA (US)

(73) Assignee: **Kenu, Inc.**, San Francisco, CA (US)

( * ) Notice: Subject to any disclaimer, the term of this patent is extended or adjusted under 35 U.S.C. 154(b) by 0 days.

(21) Appl. No.: **13/897,062**

(22) Filed: **May 17, 2013**

(65) **Prior Publication Data**

US 2014/0138419 A1　　　May 22, 2014

**Related U.S. Application Data**

(63) Continuation-in-part of application No. 29/437,793, filed on Nov. 20, 2012, now Pat. No. Des. 690,707.

(51) **Int. Cl.**
| | |
|---|---|
| **B60R 7/06** | (2006.01) |
| **B60R 11/02** | (2006.01) |
| **F16M 13/02** | (2006.01) |
| **F16M 11/04** | (2006.01) |
| **F16M 11/10** | (2006.01) |
| **F16M 13/00** | (2006.01) |
| **B60R 11/00** | (2006.01) |

(52) **U.S. Cl.**
CPC ........... *F16M 13/022* (2013.01); *F16M 11/041* (2013.01); *F16M 11/105* (2013.01); *F16M 13/00* (2013.01); *B60R 11/0241* (2013.01); *B60R 11/0258* (2013.01); *B60R 2011/0008* (2013.01); *B60R 2011/0294* (2013.01); *Y10S 224/929* (2013.01); *Y10T 29/49826* (2015.01)

(58) **Field of Classification Search**
CPC ............. B60R 7/06; B60R 2011/0005; B60R 2011/0008; B60R 11/0241; B60R 11/0258; B60R 2011/0294; Y10S 224/929
USPC ................. 224/483, 556, 275, 929, 544, 276
See application file for complete search history.

(56) **References Cited**

U.S. PATENT DOCUMENTS

| | | | | |
|---|---|---|---|---|
| 5,109,411 | A | * | 4/1992 | O'Connell ................... 379/454 |
| 5,305,381 | A | † | 4/1994 | Wang |
| 5,338,252 | A | * | 8/1994 | Bowler et al. ................. 454/155 |
| 5,979,724 | A | * | 11/1999 | Loewenthal et al. ......... 224/483 |
| 6,103,201 | A | * | 8/2000 | Green ........................... 422/124 |

(Continued)

FOREIGN PATENT DOCUMENTS

| | | | |
|---|---|---|---|
| KR | 10-2000-0044438 | | 7/2000 |
| KR | 20-0429528 | | 10/2006 |
| WO | 9604153 | † | 2/1996 |

OTHER PUBLICATIONS

The International Search Report and the Written Opinion mailed Oct. 10, 2014; in PCT patent application No. PCT/US2014/038253, 12 pages.

(Continued)

*Primary Examiner* — Justin Larson
*Assistant Examiner* — Scott McNurlen
(74) *Attorney, Agent, or Firm* — Troutman Sanders, LLP

(57)　　　　　　　　**ABSTRACT**

Adjustable portable device holder systems and methods are herein disclosed. According to one embodiment, an adjustable portable device holder includes an adjustable clamping element and a rotatable mounting element attached to the adjustable clamping element for removably securing a portable device to the adjustable portable device holder.

**14 Claims, 5 Drawing Sheets**





**US 9,080,714 B2**

Page 2

---

(56) **References Cited**

U.S. PATENT DOCUMENTS

| | | | |
|---|---|---|---|
| 6,366,672 B1 | 4/2002 | Tsay | |
| 6,441,872 B1 * | 8/2002 | Ho | 348/837 |
| D482,039 S | 11/2003 | Chen et al. | |
| 6,988,907 B2 | 1/2006 | Chang | |
| 7,061,386 B2 † | 6/2006 | Seresini | |
| 7,080,812 B2 * | 7/2006 | Wadsworth et al. | 248/316.6 |
| 7,140,553 B2 * | 11/2006 | Zobele | 239/34 |
| D538,912 S  † | 3/2007 | Kaplan | |
| 7,272,984 B2 | 9/2007 | Fan | |
| 7,284,737 B2 * | 10/2007 | Kane | 248/311.2 |
| D589,962 S | 4/2009 | Maruyama et al. | |
| D611,478 S | 3/2010 | Richardson et al. | |
| D630,222 S | 1/2011 | Lin | |
| D645,033 S  * | 9/2011 | Quong et al. | D14/253 |
| D656,931 S | 4/2012 | Wikel | |
| D656,940 S | 4/2012 | McClelland et al. | |
| D657,356 S | 4/2012 | Wikel | |
| D663,726 S | 7/2012 | Gourley | |
| D663,735 S | 7/2012 | Musselman | |
| D664,147 S | 7/2012 | Zhao et al. | |
| D671,950 S | 12/2012 | Richter | |
| 8,727,192 B2 * | 5/2014 | Lai | 224/420 |
| 8,757,461 B2 * | 6/2014 | Zanetti | 224/562 |
| 2005/0127538 A1 † | 6/2005 | Fabrega | |
| 2007/0284500 A1 * | 12/2007 | Fan | 248/346.06 |
| 2008/0190978 A1 * | 8/2008 | Brassard | 224/483 |
| 2008/0224007 A1 † | 9/2008 | Mo | |
| 2009/0060473 A1 * | 3/2009 | Kohte et al. | 386/124 |
| 2010/0019059 A1 * | 1/2010 | Bulsink et al. | 239/55 |
| 2011/0019992 A1 | 1/2011 | Orf | |
| 2011/0278885 A1 * | 11/2011 | Procter et al. | 297/135 |
| 2013/0037590 A1 † | 2/2013 | Yoon | |
| 2014/0097306 A1 * | 4/2014 | Hale et al. | 248/122.1 |
| 2014/0103087 A1 † | 4/2014 | Fan | |

OTHER PUBLICATIONS

Arkon Resources Inc., SM429-SBH Universal Air Vent Swivel Mount with Adjustable Cradle, 2010.†

* cited by examiner
† cited by third party



*FIG. 1*



*FIG. 2*



*FIG. 3*



*FIG. 4A*

*FIG. 4B*



FIG. 5



FIG. 6

FIG. 7

FIG. 8

FIG. 9

FIG. 10

FIG. 11

FIG. 12

FIG. 13

Case 3:16-cv-05182-JD   Document 1   Filed 09/08/16   Page 19 of 29



FIG. 14

FIG. 15

FIG. 16

FIG. 17

FIG. 18

FIG. 19

FIG. 20

FIG. 21

US 9,080,714 B2

**1**

### ADJUSTABLE PORTABLE DEVICE HOLDER

#### CROSS REFERENCE TO RELATED APPLICATIONS

This application is a continuation-in-part (CIP) of U.S. Design patent application No. 29/437,793, filed Nov. 20, 2012 and titled DASHBOARD VENT MOUNT FOR AN ELECTRONIC DEVICE, which is incorporated by reference in its entirety, for all purposes.

#### FIELD OF TECHNOLOGY

The present application is directed to adjustable portable device holder systems and methods.

#### BACKGROUND

Various electronic and other device mounts are known in the art. Available device mounts have many drawbacks. For instance, suction cup mounts are typically large, bulky and require a large mounting surface such as a windshield. Device mounts often fail to properly and consistently attach to the mounting surface. Some device mounting solutions require adhesive to secure the mount to a vehicle dash, wearing off over time and leaving an undesirable residue on the mounting surface. Current device mounts also fail to effectively accommodate a broad range of devices or mounting surfaces.

Due to the deficiencies in the currently available device mounts, people choose not use electronic device mounts and often violate state and provincial hands-free driving laws. Other state and provincial laws prohibit objects mounted to the windshield to prevent obstruction of the driver's view.

This specification is directed to improved portable device holder systems and methods for manufacturing the same.

#### SUMMARY

Adjustable portable device holder systems and methods for manufacturing the same are herein disclosed. According to one embodiment, an adjustable portable device holder includes an adjustable clamping element and a rotatable mounting element attached to the adjustable clamping element for removably securing a portable device to the adjustable portable device holder. The adjustable clamping element is capable of being biased into an activated state and unbiased into a deactivated state to secure one of a plurality of different size portable devices to the adjustable portable device holder. The rotatable mounting element, attached to the adjustable clamping element, includes a plurality of mounting arms each spaced a specified distance apart from one another and extending at a specified angle from a bottom surface of the rotatable mounting element. Each pair of the plurality of mounting arms forms a mounting slot therein between. The rotatable mounting element is capable of being rotated to position a first mounting slot in a vertical, horizontal or diagonal orientation and a second mounting slot in a vertical, horizontal or diagonal orientation to engage a first mounting surface in a vertical, horizontal or diagonal orientation or a second mounting surface in a vertical, horizontal or diagonal orientation.

In another embodiment, a process for manufacturing an exemplary adjustable portable device holder is disclosed. The process includes providing an adjustable clamping element capable of being biased into an activated state and unbiased into a deactivated state to secure one of a plurality of portable device sizes to the adjustable portable device holder. The

**2**

process also includes providing a rotatable mounting element comprising a plurality of mounting arms each spaced a specified distance apart from one another and extending at a specified angle from a bottom surface of the rotatable mounting element. Each pair of the plurality of mounting arms form a mounting slot therein between. The rotatable mounting element is capable of being rotated to position a first mounting slot in a vertical, horizontal or diagonal orientation and a second mounting slot in a vertical, horizontal or diagonal orientation to engage a first mounting surface in a vertical, horizontal or diagonal orientation or a second mounting surface in a vertical, horizontal or diagonal orientation. The process also includes attaching the rotatable mounting element to the adjustable clamping element.

The foregoing and other objects, features and advantages of the present disclosure will become more readily apparent from the following detailed description of exemplary embodiments as disclosed herein.

#### BRIEF DESCRIPTION OF THE DRAWINGS

Embodiments of the present application are described, by way of example only, with reference to the attached Figures, wherein:

FIG. 1 illustrates an adjustable portable device holder in a retracted setting, also referred to as the deactivated state, according to one embodiment;

FIG. 2 illustrates an adjustable portable device holder in an expanded setting, referred to as the activated state, according to one embodiment;

FIG. 3 illustrates an adjustable portable device holder in a retracted setting according to one embodiment;

FIGS. 4A and 4B illustrate an adjustable portable device holder attached to a device and a mounting surface according to one embodiment;

FIG. 5 illustrates a flow chart of a process for manufacturing an exemplary adjustable portable device holder according to one embodiment;

FIG. 6 is an elevation view of the back of an adjustable portable device holder in a retracted setting;

FIG. 7 is a plan view of the top of an adjustable portable device holder in a retracted setting;

FIG. 8 is an elevation view of left side of an adjustable portable device holder in a retracted setting;

FIG. 9 is an elevation view of the front of an adjustable portable device holder in a retracted setting;

FIG. 10 is an elevation view of the right side of an adjustable portable device holder in a retracted setting;

FIG. 11 is a plan view of the bottom of an adjustable portable device holder in a retracted setting;

FIG. 12 is an isometric view, from the front right, of an adjustable portable device holder in a retracted setting;

FIG. 13 is an isometric view, from the back left, of an adjustable portable device holder in a retracted setting;

FIG. 14 is an elevation view of the back of an adjustable portable device holder in an expanded setting;

FIG. 15 is a plan view of the top of an adjustable portable device holder in an expanded setting;

FIG. 16 is an elevation view of left side of an adjustable portable device holder in an expanded setting;

FIG. 17 is an elevation view of the front of an adjustable portable device holder in an expanded setting;

FIG. 18 is an elevation view of the right side of an adjustable portable device holder in an expanded setting;

FIG. 19 is a plan view of the bottom of an adjustable portable device holder in an expanded setting;

**3**

FIG. **20** is an isometric view, from the front right, of an adjustable portable device holder in an expanded setting; and

FIG. **21** is an isometric view, from the back left, of an adjustable portable device holder in an expanded setting.

## DETAILED DESCRIPTION

It will be appreciated that for simplicity and clarity of illustration, where considered appropriate, reference numerals may be repeated among the figures to indicate corresponding or analogous elements. In addition, numerous specific details are set forth in order to provide a thorough understanding of the example embodiments described herein. However, it will be understood by those of ordinary skill in the art that the example embodiments described herein may be practiced without these specific details. In other instances, methods, procedures and components have not been described in detail so as not to obscure the embodiments described herein.

The adjustable portable device holders described in this specification can include an adjustable clamping element attached to a rotatable mounting element. The adjustable portable device holder can be used to attach and mount a portable device to a mounting surface. The portable device can be any device that fits into the adjustable clamping element including, but not limited to a smartphone or other phone, a tablet, an e-reader, a powerbank, a speaker, a multimedia player, a flashlight or other light, a television or other display, a laser or radar detector, an air freshener, a fan, a beverage or other device that can fit into the adjustable clamping element. The adjustable portable device holder can be mounted to various mounting surfaces including, but not limited to an automobile air conditioner vent blade, an automobile dashboard, an automobile sun visor, a credit card, the brim of a hat, a counter, a tripod, a bicycle, a backpack, a utensil, a ledge or other surface.

FIG. **1** illustrates an adjustable portable device holder **100** in a retracted setting according to one embodiment. The adjustable portable device holder **100** includes an adjustable clamping element **102** attached to a rotatable mounting element **104**.

FIG. **2** illustrates an adjustable portable device holder **100** in an expanded setting according to one embodiment. The adjustable portable device holder **100** includes an adjustable clamping element **102** attached to a rotatable mounting element **104**.

FIG. **3** illustrates an adjustable portable device holder **100** in a retracted setting according to one embodiment. The adjustable portable device holder **100** includes an adjustable clamping element **102** attached to a rotatable mounting element **104**.

The adjustable clamping element **102** illustrated in FIGS. **1**-**3** can be expanded and retracted to attach devices of different sizes to the adjustable portable device holder **100**. A force can be applied to expand or bias the adjustable clamping element **102** into an activated state (shown in FIG. **2**) and the force can be released to retract the adjustable clamping element **102** into a deactivated state (shown in FIGS. **1** and **3**). An elastic retracting or biasing element (not shown), such as a compression or torsion spring can be incorporated into the adjustable clamping element **102**. The compression or torsion spring facilitates the expansion and retraction of the adjustable clamping element **102** upon applying or releasing an expansive force on a surface of the adjustable clamping element **102**.

The adjustable clamping element **102** can also include a gripping material on a surface of the adjustable clamping element **102** to provide a better grip, a better viewing angle or

**4**

better attachment to a device secured within the adjustable clamping element **102**. The gripping material can be applied to a portion of the adjustable clamping element **102** or the entire adjustable clamping element **102** can be made of the gripping material. The gripping material can be any material that increases the adhesion, grip or coefficient of friction between the gripping surface of the adjustable clamping element **102** and a surface of a device secured within the adjustable clamping element **102**. The gripping material can include, but is not limited to rubber, polymeric material or other plastic, metal, alloy, fabric, composite material or other material capable of increasing the adhesion, grip or coefficient of friction between the gripping surface of the adjustable clamping element **102** and a surface of a device secured within the adjustable clamping element **102**. The gripping material and gripping surface can be textured and composed of the same or different material.

The rotatable mounting element **104** illustrated in FIGS. **1**-**3** can be directly or indirectly attached to the adjustable clamping element **102**. The adjustable clamping element **102** and the rotatable mounting element **104** can be one integral part or component parts that are attached together by any attaching means that allows the rotatable mounting element **104** to rotate. The rotatable mounting element **104** includes a base plate **106** and a plurality of mounting arms **108** extending from the base plate **106**. The base plate **106** and the plurality of mounting arms **108** can be one integral part or component parts that are attached together by any attaching means.

Referring to FIG. **3**, the base plate **106** can be a cylindrically shaped disc or other element that is capable of being rotated 360 degrees clockwise or counter-clockwise. The base plate **106** provides a rotating platform from which mounting arms **108** extend. The mounting arms **108** are spaced a specified distance apart relative to one another on the base plate **106**. The mounting arms **108** also extend from the base plate **106** at a specified angle relative to the base plate **106**. The size of the mounting arms **108**, the distance between the mounting arms **108** and the angle at which the mounting arms **108** extend from the base plate **106** establish and define mounting slots **110**, **112** between pairs of mounting arms **108**. The rotatable mounting element **104** can include any number of mounting arms **108** and any number of mounting slots **110**, **112**.

The mounting arms **108** can also include a gripping material on a surface of the mounting arms **108** to provide a better grip, a better viewing angle or better attachment to a mounting surface secured between the mounting arms **108**. The gripping material can be applied to a portion of mounting arms **108** or the entirety of the mounting arms **108** can be made of the gripping material. The gripping material can be any material that increases the adhesion, grip or coefficient of friction between the gripping surface of mounting arms **108** and a mounting surface secured between the mounting arms **108**. The gripping material can include, but is not limited to rubber, polymeric material or other plastic, metal, alloy, fabric, composite material or other material capable of increasing the adhesion, grip or coefficient of friction between the gripping surface of mounting arms **108** and a mounting surface secured between the mounting arms **108**. The gripping material and gripping surface can be textured and composed of the same or different material.

In one exemplary embodiment, the rotatable mounting element **104** includes four mounting arms and four mounting slots. In another exemplary embodiment, the rotating mounting element **104** includes 6 mounting arms and six mounting slots.

5

6

The mounting arms **108** and mounting slots **110**, **112**, can engage a mounting surface (not shown) to mount the adjustable portable device holder **100**. The adjustable portable device holder **100** is mounted to a mounting surface by positioning, press fitting or wedging a mounting surface within one or more mounting slots **110**, **112** to engage two or more mounting arms **108**. The adjustable portable device holder **100** can be mounted to various mounting surfaces including, but not limited to an automobile air conditioner vent blade, an automobile dashboard, an automobile sun visor, a credit card, the brim of a hat, a counter, a tripod, a bicycle, a backpack, a utensil, a ledge or other surface that can be positioned, press fit or wedged within one or more mounting slots **110**, **112** between two or more mounting arms **108**.

The rotatable mounting element **104** can include any number of mounting arms **108** forming and defining any number of mounting slots **110**, **112**. As may be appreciated in at least FIGS. **1**-**3**, **7**, **8**, **10**, **11**, **15**, **16**, **18** and **19**, the size and shape of the mounting slots **110**, **112** formed between pairs of mounting arms **108** can be controlled by adjusting the size and shape of the paired mounting arms **108**, the distance between the pair of mounting arms **108** and the angle at which the two mounting arms **108** extend from the base plate **106** and converge toward one another. As depicted, each mounting arm **108** and mounting slot **110**, **112** tapers in a direction away from a bottom surface of the rotatable mounting element **104**. The rotatable mounting element **104** can include one or more different size mounting slots **110**, **112** to accommodate different size mounting surfaces. For instance in FIG. **3**, one mounting slot **110** having clearance A can be larger than another mounting slot **112** having clearance B. One or more of the mounting slots **110** formed on the rotatable mounting element **104** can accommodate a larger mounting surface than other mounting slots **112** formed on the rotatable mounting element **104**.

The rotatable mounting element **104** can be rotated to position the mounting arms **108** and mounting slots **110**, **112** in a horizontal plane, vertical plane, diagonal plane, circular plane, concave plane, convex plane or any plane between vertical and horizontal planes relative to the force of gravity. The mounting arms **108** and mounting slots **110**, **112** can be positioned to engage a mounting surface in any engagement plane within the 360 degree rotation of the mounting element **104**. The rotatable mounting element **104** can be rotated to position a relatively larger mounting slot **110** with clearance A in a horizontal, vertical, diagonal, circular, concave or convex plane to engage a relatively larger mounting surface in a horizontal, vertical, diagonal, circular, concave or convex engagement plane. The rotatable mounting element **104** can also be rotated to position a relatively smaller mounting slot **112** with clearance B in a horizontal, vertical, diagonal, circular, concave or convex plane to engage a relatively smaller mounting surface in a horizontal, vertical, diagonal, circular, concave or convex engagement plane.

The rotatable mounting element is capable of being rotated 360 degrees clockwise or counter-clockwise to engage different size mounting surfaces in a horizontal plane, vertical plane, diagonal plane, circular plane, concave plane, convex plane or any plane between vertical and horizontal planes. A device attached to the adjustable portable device holder **100** via the adjustable clamping element **102** can also be rotated 360 degrees clockwise or counter-clockwise while it is attached to the adjustable portable device holder **100** by rotating the rotatable mounting element **104**.

FIGS. **4**A and **4**B illustrate an adjustable portable device holder **200** attached to a device **214** and a mounting surface

**216** according to one embodiment. The device **214** is a smart phone and the mounting surface **216** is an automobile air conditioner vent blade.

Other portable devices can also fit into the adjustable clamping element including, but not limited to a tablet, an e-reader, a powerbank, a speaker, a multimedia player, a flashlight or other light, a television or other display, a laser or radar detector, an air freshener, a fan, a beverage or other device. The adjustable portable device holder **200** can also be mounted to other mounting surfaces including, but not limited to an automobile dashboard, an automobile sun visor, a credit card, the brim of a hat, a counter, a tripod, a bicycle, a backpack, a utensil, a ledge or other surface.

The adjustable portable device holder **200** includes an adjustable clamping element **202** attached to a rotatable mounting element **204**. The adjustable clamping element **202** can be expanded and retracted to attach different size smartphones to the adjustable portable device holder **200**. A force can be applied to expand or bias the adjustable clamping element **202** into an activated state and the force can be released to retract the adjustable clamping element **202** into a deactivated state to clamp around the smartphone **214**. An elastic retracting or biasing element (not shown), such as a compression or torsion spring can be incorporated into the adjustable clamping element **202** to facilitate the expansion and retraction of the adjustable clamping element **202** and to accommodate different size smartphones.

The adjustable clamping element **202** can also include a gripping material on a surface of the adjustable clamping element **202** to provide a better grip, a better viewing angle or better attachment to the smart phone **214** or other device secured within the adjustable clamping element **202**. The gripping material can be applied to a portion of the adjustable clamping element **202** or the entire adjustable clamping element **202** can be made of the gripping material. The gripping material can be any material that increases the adhesion, grip or coefficient of friction between the gripping surface of the adjustable clamping element **202** and a surface of a device secured within the adjustable clamping element **202**. The gripping material can include, but is not limited to rubber, polymeric material or other plastic, metal, alloy, fabric, composite material or other material capable of increasing the adhesion, grip or coefficient of friction between the gripping surface of the adjustable clamping element **202** and a surface of a device secured within the adjustable clamping element **202**. The gripping material and gripping surface can be textured and composed of the same or different material.

The rotatable mounting element **204** can be directly or indirectly attached to the adjustable clamping element **202**. The adjustable clamping element **202** and the rotatable mounting element **204** can be one integral part or component parts that are attached together by any attaching means, such as a screw, ratchet, pin, rod or friction or other device that allows the rotatable mounting element **204** to rotate. The rotatable mounting element **204** includes a base plate **206** and a plurality of mounting arms **208** extending from the base plate **206**. The base plate **206** and the plurality of mounting arms **208** can be one integral part or component parts that are attached together by any attaching means.

The base plate **206** can be a cylindrically shaped disc or other element that is capable of being rotated 360 degrees clockwise or counter-clockwise. The base plate **206** provides a rotating platform from which the mounting arms **208** extend. The mounting arms **208** are spaced a specified distance apart relative to one another on the base plate **206**. The mounting arms **208** also extend from the base plate **206** at a specified angle relative to the base plate **206**. The size of the

7

8

mounting arms **208**, the distance between the mounting arms **208** and the angle at which the mounting arms **208** extend from the base plate **206** establish and define mounting slots **210**, **212** between pairs of mounting arms **208**. The rotatable mounting element **204** includes four mounting arms **208** and four mounting slots **210**, **212**.

The mounting arms **208** and mounting slots **210**, **212**, can engage and attach to an air conditioner vent blade **216** to mount the adjustable portable device holder **200**. The adjustable portable device holder **200** is mounted to the air conditioner vent blade **216** by positioning, press fitting or wedging a surface of the air conditioner vent blade **216** within one or more mounting slots **210**, **212** to engage two or more mounting arms **208**.

The mounting arms **208** can also include a gripping material on a surface of the mounting arms **208** to provide a better grip, a better viewing angle or better attachment to the air conditioner vent blade **216** secured between mounting arms **208**. The gripping material can be applied to a portion of mounting arms **208** or the entirety of the mounting arms **208** can be made of the gripping material. The gripping material can be any material that increases the adhesion, grip or coefficient of friction between the gripping surface of mounting arms **208** and an air conditioner vent blade **216** secured between the mounting arms **208**. The gripping material can include, but is not limited to, rubber, polymeric material or other plastic, metal, alloy, fabric, composite material or other material capable of increasing the adhesion, grip or coefficient of friction between the gripping surface of mounting arms **208** and the air conditioner vent blade **216** secured between the mounting arms **208**. The gripping material can be and gripping surface and composed of the same or different material.

The rotatable mounting element **204** includes two different sizes of mounting slots **210**, **212** to accommodate different size air conditioner vent blades **216** or other mounting surfaces. Two mounting slots **210** having clearance A are larger than the other two mounting slots **212** having clearance B.

The rotatable mounting element **204** can be rotated to position the mounting arms **208** and mounting slots **210**, **212** in a horizontal, vertical, diagonal, circular, concave, convex or any plane between vertical and horizontal planes to engage air conditioner vent blades **216** oriented in a horizontal, vertical, diagonal, circular, concave, convex or any plane between vertical and horizontal planes. The mounting arms **208** and mounting slots **210**, **212** can be positioned to attach to an air conditioner vent blade in any engagement plane within the 360 degree rotation of the mounting element **204**. The rotatable mounting element **204** can be rotated to position the larger mounting slots **210** with clearance A in a horizontal, vertical, diagonal, circular, concave, convex or any plane between vertical and horizontal planes to engage or attach to larger air conditioner vent blades **216** oriented in a horizontal, vertical, diagonal, circular, concave, convex or any plane between vertical and horizontal planes. The rotatable mounting element **204** can also be rotated to position the smaller mounting slots **212** with clearance B in a horizontal, vertical, diagonal, circular, concave, convex or any plane between vertical and horizontal planes to engage or attach to smaller air conditioner vent blades **216** oriented in a horizontal, vertical, diagonal, circular, concave, convex or any plane between vertical and horizontal planes.

The rotatable mounting element **204** is capable of being rotated 360 degrees clockwise or counter-clockwise to engage different size mounting surfaces in a horizontal, vertical, diagonal, circular, concave, convex or any plane between vertical and horizontal planes relative to the force of

gravity. The smart phone **214** attached to the adjustable portable device holder **200** can be rotated into a portrait orientation (shown in FIG. **4**A) and a landscape orientation (shown in FIG. **4**B) by rotating the rotatable mounting element **204**. The smart phone **214** attached to the adjustable portable device holder **200** can be rotated 360 degrees clockwise or counter-clockwise while it is attached to the adjustable portable device holder **200** by rotating the smart phone **214** and adjustable clamping element **202**, while the rotatable mounting element **204** is secured to a mounting surface.

FIG. **5** illustrates a flow chart of a process for manufacturing an exemplary adjustable portable device holder according to one embodiment. At step **301**, the process includes providing an adjustable clamping element for removably securing a portable device to the adjustable portable device holder. The adjustable clamping element is capable of being biased into an activated state and unbiased into a deactivated state to secure one of a plurality of different size portable device to the adjustable portable device holder.

As an example and as depicted in FIGS. **2**, **14**, **15**, **16** and **19**-**21**, to manufacture the adjustable portable device holder, two stainless steel rods can be inserted into an expandable arm cavity of a double injection mold. PC/ABS is injected into the cavities of the mold to hold the rods in place and to produce an expandable arm, main body and cover of an adjustable clamping element. The mold is then rotated and injected with TPE to form side grips of the expandable arm and body of the adjustable clamping element. A stainless steel spring is inserted over each rod and held in place by a stainless steel screw affixed to the end of the rods. Grease is added to the lower portion of the spring and rods (near the screw head). The expandable arm is inserted into the body and the springs are lowered and held in place within the body of the adjustable clamping element. The cover is then slid on to the body to hold the adjustable arm in place.

The adjustable clamping element or a surface thereof can also be formed from rubber, polymeric material or other plastic, metal, alloy, or composite material that is rigid, semi-rigid or textured.

At step **302**, a rotatable mounting element is provided, which can be attached to the adjustable clamping element via screw, ratchet, pin, rod or friction or other attachment means. The rotatable mounting element includes a plurality of mounting arms each spaced a specified distance apart from one another and extending at a specified angle from a bottom surface of the rotatable mounting element. Each pair of the plurality of mounting arms form a mounting slot therein between. The rotatable mounting element is capable of being rotated to position a first mounting slot in a vertical, horizontal or diagonal orientation and a second mounting slot in a vertical, horizontal or diagonal orientation to engage a first mounting surface in a vertical, horizontal or diagonal orientation or a second mounting surface in a vertical, horizontal or diagonal orientation.

For example, a rotatable mounting element can be formed in whole or part from stainless metal or other metal, alloy or plastic sheet stamped to form a clip or base plate with four arms extending from the base plate, spaced a specified distance apart and bent to a desired angle. If metal or other heat treatable material, the rotatable mounting element can be heat treated to form a rigid structure. The rotatable mounting element or a surface thereof can also be formed from rubber, polymeric material or other plastic, metal, alloy, or composite material that is rigid, semi-rigid or textured.

A zinc-alloy nut or other alloy or material can be formed using a die-cast mold to attach the rotatable mounting element to the adjustable clamping element. Glue is added to the

**9**                                                          **10**

cavity of the nut. The rotatable mounting element is affixed to the main body of the adjustable clamping element via the nut and a second stainless screw. A force gage is used to monitor the rotational force of the rotatable mounting element and the rotatable mounting element is adjusted if screw is too tight or loose.

TPE is injected into a mold to create a skirt and four socks. The skirt and four socks can also be formed from rubber, polymeric material or other plastic, metal, alloy, or composite material that is rigid, semi-rigid or textured. The skirt is assembled over the mounting arms of the rotatable mounting element. Glue is added to each mounting arm of the rotatable mounting element. Glue is added to each mounting arm of the rotatable mounting arm, which holds the skirt in place.

Example embodiments have been described hereinabove regarding adjustable portable device holder systems and methods. Various modifications to and departures from the disclosed example embodiments will occur to those having ordinary skill in the art. The subject matter that is intended to be within the spirit of this disclosure is set forth in the following claims.

What is claimed is:

**1**. An adjustable portable device holder comprising:

an adjustable clamping element, wherein the adjustable clamping element is capable of being biased into an activated state and unbiased into a deactivated state to removably secure one of a plurality of different size portable devices to the adjustable portable device holder;

the adjustable clamping element comprising two side grips opposingly oriented to one another and each side grip has a device engaging surface that abuttingly engages a portable device in the activated state of the adjustable clamping element, wherein the two side grips linearly translate relative to one another upon transition between the activated and deactivated states of the adjustable clamping element;

the adjustable clamping element further comprising two rods, an expandable arm, a main body, and springs inserted one each over each rod and held in place by a screw affixed to an end of the respective rod; and

a rotatable mounting element attached to the adjustable clamping element by a rotary connection that permits 360 degree clockwise and counter-clockwise rotation of the adjustable clamping element relative to the rotatable mounting element, the rotatable mounting element comprising a pair of mounting arms spaced a distance apart from one another and converging toward one another, each extending at an angle away from a bottom surface of the rotatable mounting element and thereby forming a mounting slot between the pair of mounting arms,

wherein the rotary connection positions the mounting slot in various orientations relative to the adjustable clamping element across an entirety of the 360 degrees of rotation.

**2**. The adjustable portable device holder as recited in claim **1**, wherein a width of the mounting slot tapers away from the bottom surface of the rotatable mounting element and wherein the rotary connection is capable of releasably setting the mounting slot in two 180 degree spaced apart vertical orientations and two 180 degree spaced apart horizontal orientations for alternative engagement with vertically and horizontally oriented mounting surfaces.

**3**. The adjustable portable device holder as recited in claim **2**, wherein the mounting surface is an air conditioner vent blade in an automobile.

**4**. The adjustable portable device holder as recited in claim **1**, wherein each mounting arm tapers away from the bottom surface of the rotatable mounting element.

**5**. The adjustable portable device holder as recited in claim **1**, wherein the mounting arms comprise a gripping surface formed from gripping material.

**6**. The adjustable portable device holder as recited in claim **5**, wherein the gripping material is at least one material selected from the group consisting of: rubber, polymeric material, plastic, metal, alloy and composite material.

**7**. The adjustable portable device holder as recited in claim **5**, wherein the gripping surface is textured.

**8**. The adjustable portable device holder as recited in claim **1**, wherein the springs are loadable by an applied expansive force to bias the adjustable clamping element into the activated state.

**9**. The adjustable portable device holder as recited in claim **1**, wherein the adjustable clamping element comprises a gripping surface formed from gripping material.

**10**. The adjustable portable device holder as recited in claim **1**, wherein the device is a smartphone.

**11**. The adjustable portable device holder as recited in claim **1**, wherein the rotatable mounting element is attached with a screw to the adjustable clamping element.

**12**. The adjustable portable device holder as recited in claim **1**, wherein the rotatable mounting element is attached with a ratchet device to the adjustable clamping element.

**13**. The adjustable portable device holder as recited in claim **1**, wherein the rotatable mounting element is attached with a pin to the adjustable clamping element.

**14**. The adjustable portable device holder as recited in claim **1**, wherein the rotatable mounting element is friction fit to the adjustable clamping element.

\*   \*   \*   \*   \*

# Exhibit B

US00D690707S

(12) **United States Design Patent**      (10) **Patent No.:**      **US D690,707 S**
Minn et al.                              (45) **Date of Patent:**   **    Oct. 1, 2013**

(54) **DASHBOARD VENT MOUNT FOR AN ELECTRONIC DEVICE**

(71) Applicants:**Kenneth Minn**, San Francisco, CA (US); **David E. Yao**, San Francisco, CA (US)

(72) Inventors: **Kenneth Minn**, San Francisco, CA (US); **David E. Yao**, San Francisco, CA (US)

(73) Assignee: **Kenu, LLC**, San Francisco, CA (US)

(**) Term: **14 Years**

(21) Appl. No.: **29/437,793**

(22) Filed: **Nov. 20, 2012**

(51) **LOC (9) Cl.** .................................. **08-07**
(52) **U.S. Cl.**
      USPC ........................................ **D14/447**
(58) **Field of Classification Search**
      USPC ............... D14/432, 433, 434, 439, 440, 451,
            D14/452, 239, 217, 224.1, 251, 252, 253,
            D14/457, 458, 459, 460, 461; D6/406.1,
            D6/406.2, 406.3, 406.4, 406.5, 406.6;
            361/679.06, 679.21, 679.22, 679.24, 679.26,
            361/679.27, 679.28, 679.3, 679.55, 679.56,
            361/709; 248/917–924, 133, 136, 139, 150,
                        248/176.1, 188.6; D12/415
      See application file for complete search history.

(56) **References Cited**

U.S. PATENT DOCUMENTS

D482,039 S  *  11/2003  Chen et al. ................... D14/447
7,272,984 B2 *  9/2007  Fan ............................. 74/89.17

(Continued)

*Primary Examiner* — Angela J Lee
(74) *Attorney, Agent, or Firm* — Jeffrey Schox; Peter Miller

(57)                     **CLAIM**
We claim the ornamental design for a dashboard vent mount for an electronic device, as shown and described.

**DESCRIPTION**

FIG. **1** is an elevation view of the back of the dashboard vent mount for an electronic device in a retracted setting;
FIG. **2** is a plan view of the top of the dashboard vent mount for an electronic device in a retracted setting;
FIG. **3** is an elevation view of left side of the dashboard vent mount for an electronic device in a retracted setting;
FIG. **4** is an elevation view of the front of the dashboard vent mount for an electronic device in a retracted setting;
FIG. **5** is an elevation view of the right side of the dashboard vent mount for an electronic device in a retracted setting;
FIG. **6** is a plan view of the bottom of the dashboard vent mount for an electronic device in a retracted setting;
FIG. **7** is an isometric view, from the front right, of the dashboard vent mount for an electronic device in a retracted setting;
FIG. **8** is an isometric view, from the back left, of the dashboard vent mount for an electronic device in a retracted setting;
FIG. **9** is an elevation view of the back of the dashboard vent mount for an electronic device in an expanded setting;
FIG. **10** is a plan view of the top of the dashboard vent mount for an electronic device in an expanded setting;
FIG. **11** is an elevation view of left side of the dashboard vent mount for an electronic device in an expanded setting;
FIG. **12** is an elevation view of the front of the dashboard vent mount for an electronic device in an expanded setting;
FIG. **13** is an elevation view of the right side of the dashboard vent mount for an electronic device in an expanded setting;
FIG. **14** is a plan view of the bottom of the dashboard vent mount for an electronic device in an expanded setting;
FIG. **15** is an isometric view, from the front right, of the dashboard vent mount for an electronic device in an expanded setting; and,
FIG. **16** is an isometric view, from the back left, of the dashboard vent mount for an electronic device in an expanded setting.

**1 Claim, 2 Drawing Sheets**




**US D690,707 S**

Page 2

(56)                  **References Cited**

U.S. PATENT DOCUMENTS

D589,962  S  *  4/2009  Maruyama et al.  ..........  D14/432
D611,478  S  *  3/2010  Richardson et al.  .........  D14/447
D630,222  S  *  1/2011  Lin  ..............................  D14/447
D645,033  S  *  9/2011  Quong et al.  ................  D14/253
D656,931  S  *  4/2012  Wikel  ..........................  D14/253

D656,940  S  *  4/2012  Mcclelland et al.  .........  D14/447
D657,356  S  *  4/2012  Wikel  ..........................  D14/253
D663,726  S  *  7/2012  Gourley  .......................  D14/251
D663,735  S  *  7/2012  Musselman  ..................  D14/447
D664,147  S  *  7/2012  Zhao et al.  ..................  D14/452
D671,950  S  *  12/2012  Richter  .......................  D14/447
2011/0019992  A1 *  1/2011  Orf  ...............................  396/419

* cited by examiner

**U.S. Patent**     Oct. 1, 2013     Sheet 1 of 2     **US D690,707 S**



FIG. 1

FIG. 2

FIG. 3

FIG. 4

FIG. 5

FIG. 6

FIG. 7

FIG. 8



FIG. 9

FIG. 10

FIG. 11          FIG. 12          FIG. 13

FIG. 14

FIG. 15          FIG. 16